### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVE BOOZE, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | NO. CIV-04-0812-HE |
| ) | |
| POTTAWATOMIE COUNTY RURAL ) | |
| WATER DISTRICT NO. 3, ET AL., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Steve Booze instituted this action against his employers claiming they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. After he amended his complaint to include a retaliation claim, defendants Pottawatomie County Rural Water District No. 3 ("RWD 3") and John W. Robinson filed a motion to dismiss it pursuant to Fed.R.Civ.P. 12(b)(1) and (6), renewing their argument that the complaint fails to state a claim because a rural water district is not covered by the FLSA and the court lacks subject matter jurisdiction.[1] The motion [Doc. #40] is **DENIED**, the court concluding for the reasons stated in its October 5, 2004, order that the allegations of the complaint satisfy the "employer" requirement of the FLSA.[2] The plaintiff's request for the attorney's fees and costs he incurred in responding to the defendants' motion is denied. The issue as to which defendants reurge their position is a very close one and is determinative of the court's

---

[1] *Jurisdiction is based solely on the plaintiff's FLSA claim.*

[2] *The defendants also asserted that the plaintiff failed to allege individual coverage under the federal act. As the court has found "enterprise coverage" it does not have to address this argument.*

jurisdiction to proceed. Under the circumstances present here, the defendants' pursuit of their position with particular tenacity is not unreasonable.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE